[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 08, 2010
JOHN LEY
CLERK

No. 09-15519
Non-Argument Calendar

_____

D. C. Docket No. 06-10008-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS VEGA,
a.k.a. Juan Carlos Lamberti,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Juan Carlos Vega pled guilty to conspiracy to

possess with intent to distribute more than five kilograms of cocaine while aboard a vessel, per 46 U.S.C. § 1903(j) (2006) (recodified at 46 U.S.C. § 70506(b)), and the district court sentenced him to a prison term of 135 months, at the bottom of the sentencing range prescribed by the Sentencing Guidelines, 135 to 168 months. Vega now appeals his sentence, arguing that the district court erred by denying him a minor-role reduction of his base offense level pursuant to U.S.S.G. § 3B1.2(b) and that his sentence was substantively unreasonable in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a).

## I.

A district court's determination of a defendant's role in the offense is a finding of fact that we review only for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). Section 3B1.2(b) of the Sentencing Guidelines states: "Based on the defendant's role in the offense, decrease the offense level as follows . . . If the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S.S.G. § 3B1.2(b). "The proponent of the downward adjustment – here the defendant – always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939. When determining a defendant's role in the offense, a district court must measure the defendant's role in the relevant conduct for which

he has been held accountable at sentencing, and it may also consider the defendant's role as compared to that of other participants in his relevant conduct. *Id.* at 940, 944. Where the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which he was a minor participant but for which he was not held accountable. *Id.* at 941. For drug offenses, the amount of drugs imported is a material consideration in assessing a defendant's role in his relevant conduct. *Id.* at 943. In the extreme case, the amount of drugs itself may be dispositive. *Id.*

Vega was involved in a criminal conspiracy to traffic over 1,800 kilograms of cocaine. This alone undermines his argument that he is entitled to a minor-role reduction. *See De Varon*, 175 F.3d at 941. More importantly, Vega participated in this offense by serving as the primary contact person for Lamberti Ledesma, the chief organizer of the conspiracy; receiving and depositing funds in furtherance of the conspiracy; obtaining the radios used by the *D'Mary* while transporting the cocaine; taking and relaying messages in furtherance of the drug importation; and providing radio frequencies used by the go-fast boats transporting the cocaine. The fact that he may have been less culpable than some other co-conspirators does not entitle Vega to a minor-role reduction. *Id.* at 944. In sum, the district court did not

clearly err when it declined to grant Vega's request for a minor-role reduction.

## II.

We review a district court's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Our reasonableness review is deferential, and the party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006), citing *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). The analysis includes "examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of

sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786, *citing* 18 U.S.C. § 3553(a).

We may vacate a sentence if we are left "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted). We will "ordinarily . . . expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788.

We ordinarily expect sentences such as Vega's – which was the lowest sentence within advisory guideline range – to be reasonable. *Talley*, 431 F.3d at 788. Beyond arguing that the district court should have afforded additional weight to certain personal circumstances, Vega provides no evidence that his sentence within the Guidelines sentencing range is outside the range of reasonable sentences from which the court could have selected.

AFFIRMED.

5